**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1944-17T2

JODI GIMBELMAN,

      Plaintiff-Appellant,

v.

STEVEN GIMBELMAN,

      Defendant-Respondent.

_____

Submitted October 8, 2019 - Decided December 6, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0798-12.

Keith Winters & Wenning, LLC, attorneys for appellant (Brian D. Winters, on the briefs).

Megan Susan Murray, attorney for respondent (Megan Susan Murray and John Paul Paone, on the brief).

PER CURIAM

After having engaged in hotly-contested litigation for almost four years, including a bifurcated custody trial resulting in their having joint legal and physical custody of their ten-year-old daughter, the parties to this high-conflict divorce, plaintiff Jodi Gimbelman and defendant Steven Gimbelman, agreed to arbitrate all other claims arising out of the dissolution of their seven-year marriage. Specifically, the parties agreed an arbitrator would decide equitable distribution, alimony, child support, life insurance, medical and dental insurance, and all counsel fees from the commencement of the action to completion of arbitration.

One of the most contentious issues involved valuation of defendant's interest in his family's business. Judge Thornton had already determined to enforce the parties' post-nuptial agreement establishing the value of defendant's interest as of the date of the marriage, valued in accordance with New York law. Specifically left open, however, was whether New York or New Jersey law would apply in valuing defendant's interest as of the date of the divorce complaint. The arbitration agreement did not include a choice of law provision. It provided only that the arbitrator should make his award "in accordance with applicable principles of substantive law in effect at the time" of decision and explain his reasons.

A-1944-17T2

The parties' chosen arbitrator, a retired, long-time Family Part judge, entered his award in October 2016, almost five years after plaintiff filed her complaint for divorce. As relevant here, the arbitrator decided circumstances dictated that New York law should also apply to the valuation of defendant's interest in his family's business as of the date of the complaint, notwithstanding that the parties and the business had all moved to New Jersey by that time. He also decided plaintiff was not entitled to a share of certain tax overpayments nor any part of a $100,000 loan defendant made to a friend during the marriage, which was repaid during the pendency of the divorce. The arbitrator made defendant responsible for one hundred percent of the child's extra-curricular activities up to $5000.

Following a partially successful motion for reconsideration, plaintiff appealed the arbitrator's decision to the parties' chosen appellate arbitrator, a family lawyer with over forty-five years' experience, as was her right under the parties' thirty-eight page, eighty-five paragraph arbitration agreement. The appellate arbitrator affirmed the award in almost all respects. He did, however, award plaintiff a portion of the tax overpayments and part of the repayment of the loan. The appellate arbitrator reversed the arbitrator's decision on extracurricular expenses for the parties' daughter. He determined

extracurricular activities should be undertaken only on consent of both parties or order of the court, and that the cost of such should be born two-thirds by defendant and one-third by plaintiff. The appellate arbitrator did not disturb the arbitrator's decision that plaintiff should be responsible for $100,000 of her outstanding fees. Plaintiff's motion for reconsideration was denied in its entirety.

Judge Thornton affirmed the award and entered a final judgment of divorce. In a comprehensive and scholarly opinion explaining the very limited review of an arbitration award under New Jersey law, the judge addressed and rejected each of plaintiff's claims of error as to equitable distribution and extracurricular activities. She specifically rejected plaintiff's claims that the arbitration agreement required application of New Jersey law, that the arbitrators' decisions were in conflict with her order enforcing the parties' post-nuptial agreement, and that the appellate arbitrator's decision on extracurricular activities was in conflict with her custody order or contrary to the best interests of the child. The court declined both parties' request for counsel fees.

Plaintiff appeals, raising the following issues:

POINT I

A-1944-17T2

STANDARD OF REVIEW IS DE NOVO.

POINT II

PLAINTIFF'S RIGHT TO ASK THIS COURT TO VACATE THE ARBITRATION AWARD PURSUANT TO THE NEW JERSEY ARBITRATION ACT IS NON-WAIVABLE.

POINT III

THIS COURT MUST REVERSE THE TRIAL COURT AND VACATE THE FINAL ABRITRATION AWARD BECAUSE IT WAS PROCURED THROUGH UNDUE MEANS AND THE ARBITRATOR EXCEEDED HIS AUTHORITY IN RENDERING THE AWARD.

A. The parties in this matter agreed that the Arbitrators were required to make decisions in accordance with New Jersey Law, thus mandating the expanded judicial review and interpretation of "undue means" and "exceeding the Arbitrator's powers."

B. The parties and the Trial Court failed to apply New Jersey substantive law in using "fair market value" to determine the marital increase in value of defendant's interest in his family business.

C. The [post-nuptial agreement] does not address the methodology to be used in determining the [date of complaint] value and the choice of law provision in the [post-nuptial agreement] does not apply to this question.

D. The Arbitrator failed to apply New Jersey's "fair value" standard when determining the [date of complaint] value.

5

POINT IV

THE ARBITRATION AWARD RELATIVE TO THE
MARITAL TAX OVERPAYMENT ISSUE SHOULD
BE VACATED BECAUSE IT RESULTED FROM
THE ARIBTRATOR HAVING EXCEEDED HIS
POWERS BY FAILING TO APPLY NEW JERSEY
LAW AS REQUIRED BY THE CONSENT ORDER
FOR ARBITRATION.

POINT V

THE FINAL ARBITRATION AWARD MUST BE
VACATED BECAUSE THE ARBITRATOR
EXCEEDED HIS AUTHORITY BY IMPOSING
CUSTODY-RELATED RESTRAINTS.

POINT VI

THE LIMITED MATTERS THAT HAD BEEN
RESOLVED BY THE PROVISIONS THAT MUST
BE VACATED IN ACCORDANCE HEREWITH
SHOULD BE REFERRED TO A NEW
ARBITRATOR, TO CONDUCT ARBITRATION
PROCEEDINGS IN ACCORDANCE WITH THE
CONSENT ORDER FOR ARBITRATION.

We are convinced that none of these arguments is of sufficient merit to

warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The parties have

spent eight years and several million dollars litigating the dissolution of their

seven-year marriage. As our Supreme Court has directed, "[w]hether the

arbitrators are viewed as having acted with 'undue means' or having 'exceeded

their powers,' the judicial inquiry must go beyond a search for mere mistakes

6

of law," lest arbitration "become another form of private, non-jury trial." Tretina Painting, Inc. v. Fitzpatrick & Assocs., 135 N.J. 349, 357 (1994) (quoting Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 494 (1992)).

Having reviewed the record and Judge Thornton's decision confirming the arbitration award under our de novo standard, see Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013), and there being no "hint of misconduct by the arbitrator[s]" and "no statutory ground . . . for invalidating or modifying the award," Tretina, 135 N.J. at 358, we have nothing to add to her analysis. Accordingly, we affirm the decision confirming the arbitration award for the reasons expressed by Judge Thornton in her opinion of November 8, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1944-17T2